OPINION
Defendant/Appellant, Steven Wayne Culp, Jr. appeals from his conviction and sentence on a charge of aggravated robbery, with a gun specification. The record indicates that a complaint was originally filed in Champaign County Municipal Court on October 25, 1999, charging Culp with aggravated robbery, a felony of the first degree. According to the complaint, Culp robbed a carry-out on October 19, 1999. During the robbery, Culp allegedly poked the owner of the carry-out in the chest with a shotgun and pushed her to the floor. Culp then removed about $75.00 from the register and fled.
Subsequently, Culp was indicted by the Champaign County grand jury for aggravated robbery, with a gun specification which alleged that Culp had used a firearm to facilitate the offense. A second gun specification alleged that Culp had a firearm on his person while committing the offense. The case thereafter proceeded in Champaign County Common Pleas Court.
On December 6, 1999, Culp was arraigned and counsel was appointed. A two-day jury trial was then set to begin on Monday, March 13, 2000. However, at the final pre-trial, counsel for the defense and the State told the court that they wanted to schedule a plea hearing. Accordingly, the court set a plea hearing for March 10, 2000. At the plea hearing, the prosecutor informed the court that Culp wished to plead guilty to the aggravated robbery charge, which carried a potential sentence of 3-10 years, and to the three year gun specification, under which a mandatory three year sentence would be imposed. The State asked the court to dismiss the one year gun specification in the indictment, and also agreed not to recommend a specific number of years on the aggravated robbery charge. Finally, the State agreed to remain silent regarding whether the sentence should run concurrent or consecutive to a sentence Culp had received in Miami County Case No. 99CR325.
The Miami County case arose from a robbery Culp committed two days after the Champaign County robbery. In Miami County, Culp accosted a man who was doing yard work, and forced the man inside his own home at gunpoint. Culp then robbed the man and his wife of money and some jewelry. During the robbery, Culp's gun discharged during a struggle with the victims. As a result of the struggle, the male victim received minor injuries, but did not obtain medical treatment.
In Miami County, Culp was charged with two counts of aggravated robbery, both with firearm specifications, and two counts of kidnaping, again, with firearm specifications. Culp pled no contest to these charges. He was then sentenced to three years on one firearm specification, six years on the two aggravated robbery charges, to be served concurrent with each other and consecutive to the firearm sentence, and six years on the two kidnaping charges, to be served concurrent with each other and consecutive to the sentence on the aggravated robbery charge. The total sentence in Miami County was, therefore, fifteen years.
Culp was 21 years old at the time of the above crimes, and was 22 at the time of sentencing. He had no prior felony record, had not previously been institutionalized, and had not previously been supervised. He did have several misdemeanor convictions, including two charges of driving under suspension, a 1997 theft charge (of products from a grocery store), and 1999 convictions (arising from one incident) for disorderly conduct, furnishing liquor to an underage person, resisting arrest, aggravated menacing, and assault. Sentences, if any, for all the above charges were suspended, and Culp was never apparently subjected to community control sanctions.
According to the pre-sentence investigation report, Culp appeared to have substance abuse problems, with self-reported daily use of marijuana since age sixteen, and use of acid and "mushrooms" whenever he could get the drugs. At the time of Culp's sentence in Champaign County, he also had a pending charge of auto theft in Montgomery County. Culp indicated that he had stolen a vehicle from a nightclub when he was high on Ecstacy.
As we noted, Culp was sentenced first in Miami County and received a fifteen year sentence. Subsequently, at the sentencing hearing in Champaign County, the judge imposed a three year sentence on the firearm specification, and eight years on the aggravated robbery charge, both to be served consecutive to the Miami County sentences. This resulted in total prison time of 26 years. After the sentencing hearing, the judge filed an entry outlining the sentence and plugging in various statutory factors for imposing consecutive sentences.
Culp now appeals from the conviction and sentence, raising the following assignment of error:
I. The trial court abused its discretion in sentencing Defendant-Appellant to a consecutive sentence for an offense that was part of a crime spree that included sentences in adjoining counties that took place within a short time of each other. Additionally, Culp raised these two issues:
I. Whether the trial court properly imposed a consecutive sentence upon the Defendant.
II. Whether the trial court properly reviewed guidelines for consecutive sentencing.
 I
As a preliminary point, we note that the State contends in its brief that this appeal is not properly before us because Culp failed to obtain leave to appeal. In this regard, the State makes two points.
First, the State claims that Culp cannot appeal "as of right" under R.C. 2953.08(A) because he did not allege that the trial court completely failed to consider the required statutory factors. In this regard, the State admits that R.C. 2953.08(A)(4) allows appeals as of right of sentences that are "contrary to law." Nonetheless, the State argues that such appeals are restricted to situations where the trial court did not make any statutory findings whatsoever. Since the trial court in this case allegedly considered the "required factors," the State argues that Culp is limited to an appeal by leave of court under R.C. 2953.08(C). The State's second point is that this latter avenue is also closed since Culp failed to file a motion for leave to appeal.
Previously, in State v. Myers (Dec. 15, 2000), Champaign App. No. 00CA3, unreported, we adopted a restrictive view of appeal rights under R.C. 2953.08(C). In particular, we held that if a trial court makes express findings under R.C. 2929.14(E)(4)(b) for imposing consecutive sentences, its reasons are beyond our review unless the defendant timely seeks and obtains prior leave of court to appeal. We did note in Myers that appeal would not be barred if the trial court "wholly" fails to make the express findings that R.C. 2929.14(E)(4)(b) requires. In Myers the parties did not raise, nor did we consider, the effect of App.R.5(C)(2), which provides that:
 [w]hen a criminal defendant has filed a notice of appeal pursuant to App.R. 4, the defendant may elect to incorporate in defendant's initial appellate brief an assignment of error pursuant to R.C. 2953.08(C), and this assignment of error shall be deemed to constitute a timely motion for leave to appeal pursuant to R.C. 2953.08(C). (Emphasis added).
It is clear from reading the appellant's assignment of error and the argument included therein, that he contends the trial court erred in sentencing him to consecutive terms which together exceed the maximum term allowed for the most serious of the several offenses involved. Accordingly, appellant's assignment constitutes a "timely" motion for leave to appeal which we hereby grant pursuant to App.R. 5(C)(2).
 II
Having decided that Culp's appeal is properly before us, we now turn to the merits of the appeal. As we mentioned earlier, Culp claims the trial court abused its discretion in imposing consecutive sentences. Culp also says the sentence was contrary to law because the record did not support the trial court's findings. We agree that the record did not support the court's findings.
As an initial point, we note that, by statute, the standard is no longer "abuse of discretion." See R.C. 2953.08(G)(2). Instead, appellate courts may "increase, reduce, or otherwise modify a sentence that is appealed." The standard for taking action is whether the appellate court "clearly and convincingly" finds either 1) that the record does not support the sentencing court's findings under the relevant statute [in this case, R.C. 2929.14(E)(4)]; or 2) that the sentence is otherwise contrary to law. Clear and convincing evidence has been defined as:
 that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
Under R.C. 2929.14(E)(4), a sentencing court may impose consecutive terms if it finds that consecutive service is "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct." Additionally, the court must also find one of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense. (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.19(B)(1) also requires courts, at the sentencing hearing, to consider the record, any information presented at the hearing, any pre-sentence investigation report, and any victim impact statement. Further, R.C. 2929.19(B)(2)(c) requires trial courts to make findings giving their reasons for imposing consecutive sentences.
In the sentencing entry in this case, the trial court recited the terms of R.C. 2929.14(E)(4). First, the court stated that a consecutive service was necessary to protect the public from future crime and to punish Culp. The court also said that consecutive sentences were not disproportionate to the seriousness of Culp's conduct. And finally, the court found that factors (b) and (c) applied. These statements represent the extent of the court's analysis either in the entry or the sentencing hearing.
In State v. Gary (Feb. 22, 2001), Cuyahoga App. No. 77849, unreported, the Eighth District indicated that conclusory statements mimicking the statutory language do not satisfy R.C. 2929.19(B)(2) and cannot support the imposition of consecutive sentences. Id. at p. 2. See also, State v. King (Sept. 14, 2000), Cuyahoga App. No. 76696, unreported, p. 3. We have taken a similar position. See State v. Lopez (Oct. 13, 2000), Greene App. No. 99-CA-120, unreported, p. 7, citing State v. Edmonson (1999),86 Ohio St.3d 324, and State v. Arnett (2000), 88 Ohio St.3d 208.
After reviewing the transcript of the sentencing hearing, we find that the court did not justify the imposition of consecutive sentences. To the contrary, at the hearing, the trial judge paid little attention to the circumstances of the Champaign County crime. Instead, the judge focused on the Miami County crime, which occurred after the Champaign County crime. Further, sentence had already been imposed for the Miami County crime and had resulted in a significant prison term.
In the judgment entry, when the Champaign County judge assessed "seriousness factors" under R.C. 2929.12(B), he listed the fact that "[m]ental injury was exacerbated by the age of the victim." However, this again related to the Miami County case. Specifically, the Miami County pre-sentence investigation report, which was used by Champaign County for purposes of expediency, shows mental injury on the part of the Miami County victims. At the Champaign County sentencing hearing, the judge also questioned Culp about the elderly ages of the Miami County victims and the facts of that crime. In contrast, no victim impact statement from the Champaign County robbery, indicating mental injury, is in the record.
Without discounting the seriousness of Culp's crime, we find clearly and convincingly that the record does not support the trial court's findings under R.C. 2929.14(E)(4). First, the trial court inappropriately focused on the facts of a crime for which Culp had already received a substantial sentence. Second, there is nothing in the record to indicate that consecutive sentences were not disproportionate to the degree of seriousness of Culp's crime. Gary, supra, at p. 2. Admittedly, Culp carried a gun into a carry-out and used it to commit the robbery.
However, as we have previously noted, robbery, by definition, is a violent crime. State v. Garrison (Oct. 9, 1998), Greene App. No. 98-CA-28, unreported, p. 3. Therefore, while we strongly disapprove of violence and the use of guns, the fact that the Defendant used force in committing the robbery does not justify imposition of consecutive sentences under the circumstances of this case.
In this regard, we note that R.C. 2929.11(A) indicates that courts are to be guided by the overriding purposes of felony sentencing, which are to protect the public from future crime by the offender and others and to punish the offender.
However, to achieve these purposes, the statute requires courts to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." (Emphasis added). By sentencing this young defendant to an effective total of 26 years in prison, the trial court failed to reasonably consider the concept of rehabilitation. Moreover, in comparison to this sentence, a murder conviction would result in an indefinite sentence of only 15 years to life. R.C. 2929.02(B); R.C. 2903.02. Again, we stress that we do not, in any way, condone Culp's conduct.
In view of the preceding analysis, we find that Culp's underlying sentences should have been ordered to be served concurrently, not consecutively. Accordingly, Culp's single assignment of error is sustained.
Pursuant to R.C. 2953.08(G)(2), Culp's sentence is hereby modified so that the eight year gun sentence will be served concurrently with the Miami County sentences. The three year prison term for the firearm conviction must still be served consecutively and prior to the underlying convictions, as required by statute. See R.C. 2929.14(E)(1). The effect is that Culp will serve three years on the Miami County firearm conviction, followed by three years on the Champaign County firearm conviction, plus twelve additional years on the underlying Miami County and Champaign County convictions, for a total aggregate sentence of 18 years.
Judgment modified accordingly and as "modified," the judgment is affirmed.
__________ BROGAN, J.
FAIN, J. and GRADY, J., concur.